1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY FISHER, aka GARY FRANCIS            No.  2:14-cv-2417 DAD P
     FISHER, aka GARY DALE BARGER
12   (CDCR No. F-85263),

13                    Plaintiff,             ORDER

14            v.

15   R. J. ROUKLEY, et al.,

16                    Defendants.

17

18          Plaintiff Gary Fisher, also known as Gary Francis Fisher and Gary Dale Barger, is a state

19   prisoner proceeding without counsel with a civil rights complaint filed pursuant to 42 U.S.C. §

20   1983.  Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff

21   has consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c), and

22   Local Rule 305(a).  (See ECF No. 5.)

23          Review of court records[1] reveals that plaintiff is designated a "three strikes litigant" under

24   28 U.S.C. § 1915(g), which provides:

25              In no event shall a prisoner bring a civil action or appeal a judgment
                in a civil action or proceeding under this section if the prisoner has,
26              on 3 or more prior occasions, while incarcerated or detained in any

27   _____

     [1]  Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626,
28   635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

                                            1

1

2
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

3

4   Such a designation indicates that plaintiff has brought three or more prior actions that were

5   dismissed as frivolous, malicious, or for failure to state a claim, and precludes plaintiff from

6   proceeding in forma pauperis in the present action unless he demonstrates that he was under

7   imminent danger of serious physical injury when he filed the complaint.

8       The undersigned notes that plaintiff has been denied in forma pauperis status due to his

9   three-strikes designation in at least five prior cases,[2] which together cite several cases in which

10  plaintiff's complaints were dismissed as frivolous, malicious or for failure to state a claim.  This

11  court has reviewed the basis of the findings in those cases and concurs that plaintiff has suffered

12  at least three prior strike dismissals as defined by 28 U.S.C. § 1915(g).[3]

13      As a three strikes litigant, plaintiff may not proceed in forma pauperis in the present action

14  unless he demonstrates that he was "under imminent danger of serious physical injury" when he

15  filed his complaint.  28 U.S.C. § 1915(g). The imminent danger exception applies only if it is

16  clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d

---

17  [2]  See Fisher v. Director of OPS of CDCR, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug.

18  5, 2014) (ECF No. 17); Barger v. Kern County Superior Court et al., Case No. 1:14-cv-01071
    DLB P (E.D. Cal., Aug. 13, 2014) (ECF No. 12); Barger v. Kern County Superior Court et al.,

19  Case No. 1:14-cv-01667 LJO SAB P (E.D. Cal., Oct. 29, 2014) (ECF No. 11); Barger v. Kern
    County Superior Court et al., Case No. 1:14-cv-01628 LJO DLB P (E.D. Cal., Nov. 5, 2014)

20  (ECF No. 10);  Barger v. Director of OPS of CDCR, Case No. 2:14-cv-2525 KJN P (E.D. Cal.,
    Nov. 12, 2014) (ECF No. 11).  The court also takes judicial notice of the National Pro Se Three-

21  Strikes Database, which designates plaintiff a three-strikes litigant based on the above-noted order
    and findings in Fisher v. Director of OPS, Case No. 2:14-cv-1323 EFB TLN P (E.D. Cal., Aug. 5,

22  2014) (ECF No. 17). See http://nprose.circ9.dcn/Litigant.aspx.

23
    [3] The undersigned takes judicial notice of the following cases which count as strikes against

24  plaintiff under § 1915(g):  (1) Fisher v. FBI, Case No. 1:13-cv-0414 LJO SAB P (E.D. Cal. 2013)
    (dismissed on July 26, 2013, for failure to state a claim (ECF No. 19)); (2) Barger v. FBI, Case

25  No. 1:13-cv-0535 DLB P (E.D. Cal. 2013) (dismissed on November 21, 2013, for failure to state
    a claim (ECF No. 10)); (3) Barger v. Casey et al., Case No. 2:13-cv-8889 UA MAN P (C.D. Cal.

26  2013) (dismissed December 20, 2103, as frivolous, malicious or fails to state a claim, and sought
    relief from an immune defendant (ECF No. 6)); and (4) Fisher v. Bivens, Six Unknown Agents,

27  Case No. 2:14-cv-01439 UA MAN P (C.D. Cal. 2014) (dismissed on March 6, 2014, for failure to
    state a claim (ECF No. 2)).

28

1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352

F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at1056.  Allegations of

imminent danger that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  Absent

a showing that plaintiff was under imminent danger of serious physical injury at the time he filed

his complaint, his only option for proceeding with this action is to pay the full filing fee.

Plaintiff is currently incarcerated at the California Health Care Facility in Stockton.  In the

complaint now pending before the court, plaintiff alleges that Warden Roukley allowed his staff

to destroy plaintiff's administrative grievances, and that the appeals supervisors failed to honor

plaintiff's requests to complete his in forma pauperis applications.[4]  Although plaintiff references

an "attempted murder" under Warden Roukley's watch, his allegations in that regard are vague

and incoherent and do not appear to relate to plaintiff.  Plaintiff also seeks the following relief:

> For the hassle of No "IFPs," for cheating on the 602 process, and all around being unhonest I ask the sum of 214,000,000 or two hundred 14 million dollars and 0 cents.

(ECF No. 1 at 5) (sic).  The complaint does not allege that plaintiff faces imminent danger of

serious physical injury.  Therefore, plaintiff may not proceed in forma pauperis in this action.

Rather, in order to proceed with this action, plaintiff must submit the appropriate fee of $400.00

($350.00 filing fee plus $50.00 administrative fee).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's September 26, 2014, motion to proceed in forma pauperis (ECF No. 2) is

denied.

2.  Plaintiff shall, within twenty-one days from the date of this order, submit the

appropriate fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).

/////

/////

/////

/////

---

[4] Finally, the court takes judicial notice of the fact that plaintiff filed over 30 cases in this court in the calendar year 2014 alone.

1       3.  Plaintiff's failure to timely comply with this order will result in the dismissal of this

2  action.

3  Dated:  December 2, 2014

4

5  _____
   DALE A. DROZD
6  DAD:4       UNITED STATES MAGISTRATE JUDGE

7  fish2417.1915g

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4