UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FISHER, aka GARY FRANCIS FISHER, aka GARY DALE BARGER (CDCR No. F-85263), | No. 2:14-cv-2417 DAD P |
| Plaintiff, | ORDER |
| v. | |
| R. J. ROUKLEY, et al., | |
| Defendants. | |

Plaintiff Gary Fisher, also known as Gary Francis Fisher and Gary Dale Barger, is a state prisoner proceeding without counsel with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). (See ECF No. 5.)

On December 3, 2014, the undersigned filed an order denying plaintiff's motion to proceed in forma pauperis, on the basis that he has been designated a "three strikes litigant" under 28 U.S.C. § 1915(g). (ECF No. 6.) On December 9, 2014, plaintiff filed a request for reconsideration of that order. (ECF No. 7.)

A party seeking reconsideration of an order is required to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion[.]" Local Rule 230(j)(3). "A motion for

1

reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).  Accordingly, "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D. N.J. 1992)).

In his motion for reconsideration of the court's December 3, 2014 order, plaintiff has not presented any new facts or evidence that would suggest that he now faces an imminent danger of serious physical injury.  While plaintiff repeats his claim that his lawsuit is based primarily upon an "attempted murder" (ECF No. 7 at 2), he again fails to set forth any factual allegations substantiating that claim.  In his motion for reconsideration plaintiff also disputes his designation as a "three strikes" litigant, but does not provide any sufficient basis for the court to change its determination in this regard.  Plaintiff's citation to disparate orders issued by federal district and circuit courts from around the country is similarly unpersuasive.

Ultimately, plaintiff's mere disagreement with the conclusions set forth in the court's prior order does not provide sufficient grounds to support his motion for reconsideration of that order.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Upon reconsideration, the order filed December 3, 2014 is affirmed.
2. Plaintiff shall, within twenty-one days from the date of this order, submit the appropriate fee of $400.00 ($350.00 filing fee plus $50.00 administrative fee).
3. Plaintiff's failure to timely comply with this order will result in the dismissal of this action.

Dated:  January 7, 2015

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10/md
fish2417.850